JOHN EDWARDS v. THE STATE.

*No. 1252.    Decided February 10th, 1897.*

*Motion for Rehearing Decided March 3rd, 1897.*

1.   **Assault With Intent to Commit Rape—Evidence Sufficient.**

See, evidence stated in the opinion, which the court holds sufficient to support a verdict and judgment of conviction for assault with intent to commit rape.

ON MOTION FOR REHEARING.

2.   **Assault With Intent to Rape a Female Under Fifteen Years of Age— Indictment.**

An indictment, for assault with intent to commit rape, which alleges that the female is under the age of fifteen years, to be sufficient, must further allege that the female was not the wife of the defendant.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

Appeal from a conviction for assault with intent to rape; penalty, six years' imprisonment in the penitentiary.

The opinion states the case.

*W. J. Howard*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of an assault with intent to rape, and his punishment assessed at six years in the penitentiary, and he prosecutes this appeal. The indictment charges the offense to have been committed on a female under the age of fifteen years. The evidence shows that appellant was sleeping at the house of the prosecutrix, in the kitchen; that the prosecutrix, who was ten years of age, was sleeping in an adjoining room, and her parents in the front room. The door between the kitchen and the room in which the prosecutrix was sleeping was bolted, and there was no mode of ingress into said room from the kitchen, except by climbing over a partition wall. The evidence indicated that the entry had been made by that means. Some time in the night, the mother of the prosecutrix, hearing a noise in her daughter's room, went in, and saw the defendant on top of the prosecutrix. He had his drawers pulled down, and had unbuttoned her drawers, and appeared to be about to copulate with prosecutrix. The prosecutrix had not been aroused from her slumber. The mother gave the alarm, and her husband rushed in, and seized appellant. Appellant at first claimed to be walking in his sleep, but subsequently said he had done wrong. The charge of the court was pertinent to the issues as presented by the testimony, and we think the evidence showed the use of such force as to establish the specific intent of the defendant to have carnal intercourse with the prosecutrix. The judgment is accordingly affirmed.

*Affirmed.*

---

### ON MOTION FOR REHEARING.

HURT, PRESIDING JUDGE.—This case was affirmed at a previous day of this term, and now comes before us on motion for rehearing made by appellant. The question is now raised for the first time that the indictment is defective. The charging part of said indictment is as follows: "The defendant, with force and arms, then and there in and upon Bertha Thompson, a woman, did make an assault with intent then and there to commit the offense of rape upon the said Bertha Thompson, by then and there attempting to have carnal knowledge of her, said Bertha Thompson, the said Bertha Thompson being then and there under the age of fifteen years." Appellant insists that said indictment is defective, because it does not allege that the said Bertha Thompson was not the wife of the appellant. In the definition of rape of a female under the age of fifteen years, as a part of the definition entering into said offense, is the fact that the parties were not man and wife. This question was thoroughly discussed in Rice v. State, ante p. 36. This is a case of an assault with intent to rape. The female upon whom the assault is charged was alleged to be under the age of fifteen years at the time. As in rape, so an assault with intent to rape can be committed on such a person with or without her consent, and the only force required is such force as may be used in the effort of penetration.

See, Allen v. State, 36 Tex. Crim. Rep., 381. The same authority holds that any attempt to make an entry upon a child under the age of consent, with the ulterior purpose on the part of defendant to force his male organ into the female organ of the prosecutrix, is sufficient to constitute the offense of assault with intent to rape, regardless of the conent of the prosecutrix. It follows that all of the constituent elements that go to make up rape, except penetration, must be alleged and proved in an assault with intent to rape, when the charge is an assault with such intent upon the person of a female under fifteen years of age, and that it must be charged in the indictment, where the alleged female is under fifteen years of age, that she was not the wife of the defendant. This question was not raised before in this case, and so not passed upon. Because the indictment is defective, the motion for a rehearing is granted, and the judgment is reversed, and the cause ordered dismissed.

*Rehearing Granted and*
*Reversed and Ordered Dismissed.*