THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL STOWERS *et al.* Plaintiffs in Error.

*Opinion filed June 21, 1912.*

1. CRIMINAL LAW—*indictment for forcible rape need not allege that the female was not the wife of accused.* An indictment for the crime of rape without force must allege that the female was not the wife of the accused, but an indictment for forcible rape need not contain such allegation.

2. SAME—*exception to action on a motion to quash panel must be incorporated in bill of exceptions.* An exception to the action of the court on a motion to quash the panel of jurors must be incorporated in the bill of exceptions in order to present the question for review.

3. SAME—*when allowing jurors to separate is not error.* In a prosecution for rape it is not error to allow the four jurors accepted by both sides to separate during the adjournment of court over Sunday, where the court instructed them concerning their duties and no objection was made by the accused to their separation and no prejudice to him is shown to result therefrom.

4. SAME—*purpose of provision of the statute requiring jury to find the age of the accused.* The provision of the statute requiring the jury to find the age of one convicted of rape is to determine whether he shall be sentenced to the penitentiary or the reformatory, and while it is intended the jury should find the age at the time of the trial instead of at the time of the offense, yet a finding of the age at the time of the offense is not prejudicial, as

the court is thereby given sufficient information to enable it to determine the place where the imprisonment shall be.

5. SAME—*effect where jury find accused guilty of rape and assault with intent to commit rape.* Where the jury find the accused guilty under two counts, one charging forcible rape and the other assault with intent to commit rape, the court may sentence the accused for the crime of forcible rape, thereby, in effect, ignoring the verdict as to the lesser offense, which in such case is necessarily included in the greater.

6. SAME—*age of accused when rape was committed does not govern place of imprisonment.* The age of the accused at the time the rape was committed does not determine the place of his imprisonment, as if he is convicted after he has passed the age of twenty-one years he cannot be sentenced to the reformatory.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. LOUIS BERNREUTER, Judge, presiding.

JOHN L. FLANNIGEN, and N. B. LAYMAN, for plaintiffs in error.

W. H. STEAD, Attorney General, A. R. DRY, State's Attorney, JOEL C. FITCH, and SPRIGG & GILSTER, for the People.

Per CURIAM: Plaintiffs in error were found guilty of the crime of rape at the November term, 1911, of the circuit court of Perry county, and sentenced to imprisonment in the reformatory at Pontiac. The indictment upon which they were tried consisted of three counts, the first charging that plaintiffs in error, being male persons of the age of seventeen years and upwards, feloniously and unlawfully made an assault upon one Eva Crane, a female child of the age of ten years, and her, the said Eva Crane, did then and there carnally know and abuse. The second count charged that plaintiffs in error, being male persons of the age of sixteen years and upwards, made an assault upon one Eva Crane, a female child under the age of sixteen years, to-wit, of the age of ten years, and did ravish and carnally know

her, forcibly and against her will. The third count charged plaintiffs in error with having made an assault upon Eva Crane with intent to commit upon her the crime of rape. A motion to quash the indictment was overruled and the cause was tried by a jury, which returned a verdict finding plaintiffs in error guilty in manner and form as charged in the second and third counts of the indictment, and found their ages to be, "at the time the crime was committed," as follows: Paul Stowers sixteen years and Carl Farmer eighteen years. On this verdict sentence was pronounced.

It is first contended that the indictment is defective for the reason it fails to allege that the said Eva Crane was not the wife of either of plaintiffs in error, and that the court should have sustained the motion to quash.

The statute defining the crime of rape and fixing the punishment for its commission is as follows: "Rape is the carnal knowledge of a female, forcibly and against her will. Every male person of the age of seventeen years and upwards, who shall have carnal knowledge of any female person under the age of sixteen years and not his wife, either with or without her consent shall be adjudged to be guilty of the crime of rape; provided, that in case the said parties shall be legally married to each other before conviction, any legal proceedings shall abate, and provided, that every male person of the age of sixteen years and upwards who shall have carnal knowledge of a female forcibly and against her will shall be guilty of the crime of rape. Every person convicted of the crime of rape shall be imprisoned in the penitentiary for a term not less than one year and may extend to life."

At common law the carnal knowledge of a female, forcibly and against her will, by a male fourteen years of age or upwards, constituted the crime of rape. Force was an essential ingredient of the crime. Our statute has changed the common law rule in two respects. The first sentence of our statute is a definition of what constitutes

rape at common law. That is followed by a clause which provides that carnal knowledge by a male of the age of seventeen years or upwards, of any female under the age of sixteen years, not his wife, whether with or without her consent, constitutes the crime of rape. Prior to that enactment carnal knowledge of a female under sixteen years of age by a male, of whatever age, was not rape if the act was committed without force and with her consent. The new element introduced by the statute is, that if a male who is seventeen years old or upwards has sexual intercourse with a female under sixteen, who is not his wife, without force and by her consent, he is guilty of the crime of rape. An indictment under that clause of the statute should aver that the female was not the wife of the accused. (*People* v. *Trumbley,* 252 Ill. 29.) Following the clause referred to is a proviso "that every male of the age of sixteen years and upwards who shall have carnal knowledge of a female forcibly and against her will shall be guilty of the crime of rape." This is merely the common law definition of rape, but raises the age at which a male may be guilty of the crime from fourteen years, as it was at common law, to sixteen years. Under the proviso no one under the age of sixteen years can commit the crime of rape. The proviso also makes it clear that the age limit fixed in the second clause of the statute, making carnal knowledge by a male seventeen years old or upwards, of a female under sixteen years, not his wife, with her consent, rape, was not intended to apply in a case where the act was committed forcibly and against the will of the female. (*Sutton* v. *People,* 145 Ill. 279.) At common law it was not necessary for the indictment to aver that the female was not the wife of the accused, and it is not made necessary by our statute to do so except where the indictment is under the second clause of the act. The second count of the indictment was a good count for rape under the proviso of the statute referred to. The third count is also

a good count for assault with intent to commit rape. There was no error, therefore, in overruling the motion to quash. *Thomas v. People,* 113 Ill. 531.

It is further contended by plaintiffs in error that the trial court erred in overruling their motion to quash the panel of jurors. It appears from recitals in the record written by the clerk that when the case was called for trial but twenty jurors of the regular panel were present. The court directed the sheriff to fill the panel by summoning four persons from the body of the county. Thereupon the plaintiffs in error presented a motion to quash the panel, but the motion was overruled and they excepted. The contention of plaintiffs in error is that the panel should have been filled by drawing the names from the jury box. No exception to the action of the court in overruling the motion is preserved in the bill of exceptions, and the question is not, therefore, preserved for review. The recital of the clerk in the record prepared by him of the orders made, that plaintiffs in error excepted to the order overruling the motion, is not sufficient to preserve the question for review. That can be done only by being incorporated in the bill of exceptions. *Gould v. Howe,* 127 Ill. 251; *Bruen v. People,* 206 id. 417.

Another error assigned is, that at the commencement of the trial of the case, after four jurors had been examined and accepted by both the State and the plaintiffs in error, the court adjourned from Saturday to the following Monday and the four jurors were allowed to separate during the period of adjournment. The record shows the jurors were instructed by the court before their separation, and it is not shown that plaintiffs in error objected to the order of the court allowing them to separate nor that any prejudice resulted by allowing them to do so. The court may exercise its discretion in allowing the jury to separate during the progress of a trial in a criminal case less than capital, unless some sufficient cause is shown why they

should be kept together, upon properly instructing them concerning their duties. In *Sutton* v. *People, supra,* which was a rape case, the jury were allowed to separate during the recesses of the court until they retired to deliberate upon their verdict. The court said: "Cases, both criminal and civil, may arise in which it will be proper to keep the jury away from the public while the trial is in progress, but they are the exception and may be safely left to the discretion of the judge trying the case."

It is further contended that the court erred in rendering judgment on the verdict and sentencing plaintiffs in error to the reformatory. The jury found by their verdict that the plaintiffs in error were, respectively, sixteen and eighteen years old at the time of the commission of the offense. The provision of the statute is, that if a jury find a defendant guilty they shall also find by their verdict whether he is between the ages of ten and twenty-one years, and if they find him between those ages they shall find, as nearly as may be, his age. It is not required that the jury shall find by their verdict what the age of the defendant was when the crime was committed. If he should appear from the proof to be under the age at which he was capable of committing the crime, the verdict, of course, would be not guilty; but if he was at the time of the commission of the offense old enough to be capable of committing the crime, and the jury find him guilty of its commission, they should find whether he is between the ages of ten and twenty-one years, and, as nearly as may be, his age at the time of the trial. If at that time he is under twenty-one years of age,—with certain exceptions not here involved,— he is to be sentenced to the reformatory. If convicted after he has passed the age of twenty-one years he cannot be sentenced to the reformatory, no matter what his age was when the crime was committed. (*People* v. *Smith,* 253 Ill. 283.) The finding in the verdict that plaintiffs in error were, respectively, sixteen and eighteen years old when the

crime was committed was necessarily a finding that they were between ten and twenty-one years old. The jury did not expressly find, as they ought to have done, the respective ages of plaintiffs in error at the time of the trial, but we do not consider this a fatal defect. If they were, respectively, of the ages of sixteen and eighteen years when the crime was committed, the court had sufficient information whether they were, or either of them was, over twenty-one years old at the time of the judgment and sentence. The purpose of the requirement that the jury find the age of the defendant as near as may be, is to determine whether he is to be sentenced to the penitentiary or the reformatory. This information the court had, for if plaintiffs in error were of the ages found by the jury when the crime was committed, the court could not be ignorant of their ages at the time of the sentence. This must be true unless we say we cannot presume the court had intelligence enough, after knowing the ages of plaintiffs in error at a time shown by the evidence before the trial, to tell how old they were at the time of the trial. We are not disposed to adopt a rule so unreasonable and absurd. As the ages of plaintiffs in error were sufficiently found to determine where they should be sentenced to be confined, and as that is the purpose of requiring their ages to be found by the verdict, it was a substantial compliance with the law, and plaintiffs in error were in no manner injured or prejudiced because the verdict was not in accordance with the strict letter of the statute.

It is further contended that no valid judgment could be entered upon the verdict, because the verdict returned found plaintiffs in error guilty as charged in the second and third counts of the indictment. The second count charged plaintiffs in error with the crime of rape and the third count charged them with an assault with intent to commit rape. It is claimed that they were found guilty of two separate offenses which have different punishments,

and that the court has no power to choose between the two and sentence them for either. Both offenses grew out of the same act, and plaintiffs in error could not have been guilty of the crime of rape without also being guilty of an assault with intent to commit rape. Rape is punishable by imprisonment for not less than one year and may extend to life, while assault with intent to commit rape is punishable by imprisonment for a term of not less than one year nor more than fourteen years. The judgment entered upon the verdict was that plaintiffs in error were each guilty of the crime of rape, and they were sentenced to the reformatory until discharged by due process of law. The court, in effect, disregarded the finding of guilty on the third count of the indictment and sentenced them upon the finding on the second count. This it had the power to do. (*Cooke* v. *State*, 24 N. J. L. 843.) Plaintiffs in error were in no way prejudiced by the judgment, as they were not sentenced for a crime of which they were not found guilty.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*