# CHARLESTON.

## STATE *v.* S. R. FUDGE.

### Submitted February 26, 1924.   Decided April 1, 1924.

INDICTMENT AND INFORMATION—RAPE.—*Indictment Not Negativing Consent or Marriage Neither Good at Common Law Nor Under Statute.*

An indictment for rape which neither sets forth the elements of the offense at common law, nor as defined by statute, should be quashed on motion.

McGINNIS, JUDGE, absent.

Error to Circuit Court, Putnam County.

S. R. Fudge was convicted of statutory rape, and he brings error.

*Remanded.*

*C. E. Copen,* for plaintiff in error.

*E. T. England,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *Jno. T. Simms,* for the State.

LITZ, JUDGE:

By indictment found at the March term, 1923, of the circuit court of Putnam county it is charged that the defendant, S. R. Fudge:

> "On the .... day of February, 1922, in the said county of Putnam, being then and there a male person over the age of sixteen years, with force and arms, in and upon one Myrtle Fudge, a female child under the age of sixteen years, to-wit, of the age of thirteen years, feloniously did make an assault, and her, the said Myrtle Fudge, then and there, to-wit, on the day and year aforesaid, unlawfully and feloniously did carnally know and abuse, against the peace and dignity of the State."

Defendant's demurrer and motion to quash the indictment were overruled; and upon his plea of not guilty the jury returned the following verdict, "We the jury find the

defendant Solomon Fudge guilty as charged in the indictment, and we also ask the mercy of the court." Overruling his motion for a new trial, the court entered judgment sentencing the defendant to a term of ten years confinement in the State penitentiary. To that judgment he prosecutes this writ.

No error was saved by bills of exception, and the sole question here for consideration is the ruling of the circuit court on the demurrer and motion to quash. The indictment was found under Section 15, Chapter 90, Acts 1921, (Sec. 15, Chapter 144, Code 1923), which provides:

"If any male person carnally know a female, not his wife, against her will by force, or if any male person who is over the age of sixteen years carnally know a female, not his wife, under that age, he shall be punished with death or with confinement in the penitentiary for life, or if the jury add to its verdict a recommendation for mercy, with confinement in the penitentiary for not less than five nor more than twenty years; provided, always, that this section shall not apply to any male person under sixteen years of age who carnally knows a female over twelve years of age with her free consent."

As ground of demurrer it is urged that the indictment should have negatived the relation of marriage between the prosecutrix and the accused; it being contended that non-marriage between the parties constitutes a vital and necessary element of the crime of rape as defined by the statute, and must therefore be pleaded. The State, on the other hand insists that the statute is merely declaratory of the common law and that an indictment for rape in common law form is sufficient.

Where a statute is merely declaratory of the common law in relation to a crime, the indictment may follow the statute or be in the common law form. 31 C. J. 712; Bishop on Statutory Crimes, (Third Ed.) p. 181; Bishop's New Criminal Procedure, (Second Ed.), Secs. 597, 599. Rape, at common law, is the having of unlawful carnal knowledge by a man of a woman, forcibly and against her will. 22 R. C. L. p. 1171; Bishop on Criminal Law, (Ninth Ed.) p. 824. In

England and this country statutes have been enacted declaring the carnal knowledge by a man of a female under certain age, with or against her will, to be rape. In a prosecution for rape at common law it is not required of the State to allege or prove that the female was not the wife of the accused at the time of the commission of the offense; the affirmative of such issue being matter of defense. 22 R. C. L. pp. 1198, 1221; *People* v. *Stowers*, 254 Ill. 588, 98 N. E. 986; *State* v. *Williams*, 9 Mont. 179, 23 Pac. 335; *Com.* v. *Fogerty*, (Mass.) 69 Am. Dec. 264.

It will be observed, however, that the statute is not only declaratory of common law rape against the will of the female by force, but also creates an offense consisting merely of carnal knowledge by a male over sixteen years of a female *not his wife* under that age.

The indictment is, therefore, insufficient in form for common law rape in failing to charge that the act was against the will of the female; and by omitting to aver non-marriage between the accused and the prosecutrix it is also defective under the statute.

It is generally held, under a statute limiting in its enacting clause the offense of rape to a female who is not the wife of the perpetrator, as in this case, that an indictment therefor should negative marriage relation between the parties. 22 R. C. L. p. 1199; *Young* v. *Territory*, 8 Okla. 525, 58 Pac. 724; *People* v. *Miles*, (Cal.) 101 Pac. 525; *Rice* v. *State*, 37 Tex. Crim. 36; 38 S. W. 801; *Bice* v. *State*, 37 Tex. Crim. 38, 38 S. W. 803; *Edwards* v. *State*, 37 Tex. Crim. 242, 38 S. W. 996; *Dudley* v. *State*, 37 Tex. Crim. 543, 40 S. W. 269; *Payne* v. *State*, 38 Tex. Crim. 494, 43 S. W. 515; *People* v. *Stowers, supra; People* v. *Trumbley*, 252 Ill. 29, 96 N. E. 273; *Lenord* v. *State*, (Arizona) 137 Pac. 412; *State* v. *May*, (Wash.) 109 Pac. 1026.

The averment need not be made in specific terms, if from the language of the indictment it may reasonably be inferred; but from our examination of the authorities we do not think the language used in the indictment under consideration sufficient for the purpose. We therefore reluctantly hold that this indictment is technically defective and should have been quashed.

The demurrer and motion to quash will be sustained, and the case remanded.

*Remanded.*