### STATE OF NEW JERSEY, PLAINTIFF, v. JACK TILTON, DEFENDANT.

Submitted May 11, 1927—Decided January 17, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the motion, *Ward Kremer.*

*Contra, Wilfred Jayne, Jr.,* prosecutor of the pleas of Ocean county, and *W. Durward McCloskey,* assistant prosecutor of the pleas of Ocean county.

The opinion of the court was delivered by

KALISCH, J. The defendant was indicted by a grand jury of Ocean county for a statutory rape under the second clause of section 115 of the Crimes act. 2 *Comp. Stat., p.* 1783.

This section, by the second clause, provides: "Any person who, being of the age of sixteen or over, shall unlawfully carnally abuse a woman-child over the age of twelve years and under the age of sixteen years with or without her consent, shall be guilty of a high misdemeanor."

The indictment presents "that Jack Tilton, late of the borough of Point Pleasant, in the said county of Ocean, on the third day of October, in the year of our Lord, one thousand nine hundred and twenty-three, with force and arms, at the borough aforesaid, in the county of Ocean aforesaid, and within the jurisdiction of this court, then and there being above the age of sixteen years, in and upon one Catherine Woolley, in the peace of God and of this state, then and there being, an assault did make, and her, the said Catherine Woolley, then and there did unlawfully have carnal knowledge of the body of the said Catherine Woolley, being then and there a woman-child over the age of twelve years, and under the age of sixteen years, to wit, of the age of thirteen years, to the great damage," &c.

Before entering upon a discussion of the merits of the

questions involved in the motion to quash the indictment, we find it necessary to make some comment upon the procedure adopted in the present case, in order to prevent, in the future, confusion resulting from cases, where indictments are removed to this court for the purpose of moving to quash, from being entitled as if they were *quasi*-criminal or civil proceedings.

In the state of the case and in the briefs of the cause *sub judice,* it is entitled "Jack Tilton, prosecutor, v. Harry E. Newman, judge of the Ocean County Court of Oyer and Terminer, and the Ocean County Court of Oyer and Terminer, defendants." This is palpably an improper title of the cause. Moreover, Harry E. Newman was not a judge of the Ocean County Court of Oyer and Terminer, but was a judge of the Ocean County Court of Quarter Sessions.

The simple object of the *certiorari* was to remove the indictment from the court in which it was pending, which, in the present case was the Court of General Quarter Sessions, and not the Court of Oyer and Terminer, to the Supreme Court, under section 6 of the *Certiorari* act (1 *Comp. Stat., p.* 404), for the purpose of moving before the latter tribunal to quash the indictment. The removal of the cause did not operate to alter its title; but on the contrary, it retained the same as it bore in the court below, namely, State *v.* Jack Tilton. See *State* v. *Young et al.,* 37 *N. J. L.* 184; *State* v. *Startup,* 39 *Id.* 423, 424; *State* v. *Lyon,* 45 *Id.* 272; *State* v. *Johnson,* 82 *Id.* 330.

The state of the case shows that the indictment was certified to this court by Harry E. Newman, judge of the Ocean County Quarter Sessions Court.

The settled practice is, after an indictment has been removed to the Supreme Court for the purpose of moving before that tribunal to quash it, to give notice to the prosecutor of the pleas of the grounds upon which the motion to quash is based, and not as has been done in the instant case, by filing reasons as if the case were of a civil or *quasi*-criminal character.

Counsel of defendant seeks to quash the indictment upon practically two grounds—(1) that the indictment does not

charge a crime within the meaning of the statute; (2) that the indictment does not charge a commission of the crime by the accused.

The indictment is very inartificially and carelessly drawn. There seems to be no good excuse for this, since the charge against the accused was based upon a violation of section 115 of the Crimes act, which section is in simple, plain and direct language.

Where the indictment charges a statutory crime, the general rule is, that the offense may be charged either in the words of the statute or there may be such a particular statement of facts as will bring the accused within its operation. *State* v. *Startup,* 39 *N. J. L.* 423, 428. Mr. Justice Scudder, in delivering the opinion of the Supreme Court (at *p.* 428), in commenting upon this statement, says: "This is stated with more particularity and accuracy in *Commonwealth* v. *Welsh,* 7 *Gray* 324, thus: 'A charge in an indictment may be made in the words of a statute without a particular statement of facts or circumstances, when, by using those words, the act in which an offense consists is fully and directly alleged without any uncertainty or ambiguity.'"

The learned judge continues: "It is required of every indictment that it shall give the accused reasonable notice of the act against which he is called to defend himself. This may be given in the exact words of the statute, but it may require some statement of facts and circumstances to give him this knowledge. If so, it is his right to have such facts and circumstances set out in the indictment."

For the defendant it is argued that because the statute uses the words "carnally abuse" and the indictment charges "carnal knowledge" the statutory offense is not charged, therefore the indictment is fatally defective. This contention is without legal force.

The words "carnal knowledge" include within their meaning, "carnally abuse" as applied to a woman-child over the age of twelve years and under the age of sixteen years.

*Bish. Stat. Cr. (Ed.* 1873), *ch.* 20, marginal *p.* 323, ¶ 489, says: "Perhaps 'carnally know' includes in its meaning all which is signified by 'abuse;' at all events, under the

English statute of 24 and 25 *Vict., ch.* 100, § 50, which makes it felony to 'carnally know' and 'abuse any girl under the age of ten years,' it has been held that the indictment is sufficient if it employs merely the words 'carnally know.' "

In *State* v. *Cannon,* 72 *N. J. L.* 46, Mr. Justice Garretson, in delivering the opinion of the Supreme Court (at *p.* 47), said: "Carnal knowledge is carnal abuse as used in the statute" * * *.

In *Reg.* v. *John Holland,* 10 *Cox C. C.* 478, the contention on behalf of the prisoner was that the 24 and 25 *Vict., ch.* 100, § 50, enacts that "whosoever shall unlawfully and carnally abuse any girl under the age of ten years, shall be guilty of felony;" and that the indictment was for a misdemeanor in attempting to commit that offense, that the indictment, however, does not follow the language of the statute, which is, "carnally know and abuse," but charges the prisoner in attempting to "ravish and carnally know."

Judge Blackburn, in answer to this contention, said: "Why must the indictment use all the words in the statute? Here, the substance of the enactment is averred. Is it possible to have carnal knowledge of a girl under ten years of age without 'abusing' her?"

Chief Justice Bovill said: "We are all of opinion that it is a felony within the statute to have carnal knowledge of a girl under the age of ten years, and that the offense may be sufficiently charged in the indictment without using the word 'abuse.' "

In *State* v. *Caporale,* 85 *N. J. L.* 495, Mr. Justice Parker, speaking for the court (at *p.* 496), said: "The ordinary rule is, of course, to follow the language of the statute in an indictment for a statutory crime. But if words of substantially similar meaning are used, the indictment will not be vitiated. *State* v. *Hickman,* 3 *Halst.* 299; 1 *Bish. Cr. Pro.,* § 612. And especially if the substituted word would be stronger, *i. e.,* require more by way of proof from the state, the indictment will hold good. Thus, where the statute used the words 'shoot at' and the indictment read 'shoot,' the allegation was held sufficient; and similarly where the statute read

'unlawfully' and the indictment 'feloniously.' *Ibid.*, § 613, and cases cited."

In the light of the decisions and reasoning on the topic in question, we are of the opinion that the words "carnal knowledge" comprehend within their meaning "carnally abuse," and the validity of the indictment cannot be successfully attacked upon any of the grounds urged on behalf of the defendant in that regard.

The only other attack made upon the validity of the indictment is, in substance, this: That the indictment is defective in its grammatical formation. This is apparent, but that fault alone is not *per se* sufficient to render the indictment invalid, unless it appears that the facts, as stated in the indictment, fail to charge the statutory offense. The defendant is entitled, and, in fact, it is his constitutional right, that the indictment shall inform him of the nature and cause of the accusation. This we think the indictment does.

The indictment charges, in substance, that the defendant, Jack Tilton, with force and arms, on a certain day, and at a certain place within the jurisdiction of the court, being above the age of sixteen years, in and upon one Catherine Woolley, in the peace of God and of this state, then and there being, an assault did make.

Up to this point the indictment clearly charged the defendant with having by force and arms, committed an assault upon Catherine Woolley.

Proceeding from where we left off, the indictment continues: "And her, the said Catherine Woolley, then and there did unlawfully have carnal knowledge of the body of the said Catherine Woolley."

In regard to this latter allegation, the criticism made by counsel is that the language used virtually charges Catherine Woolley with an assault and having carnal knowledge of her own body, and, hence, the indictment does not charge a crime against the defendant.

This contention involves an absurdity. The words, "and her, the said Catherine Woolley, then and there being, did unlawfully have carnal knowledge of," charged the defendant

with having carnal knowledge of Catherine Woolley. And if a comma were placed after "of," or a dash, the repetition of the words, "the body of the said Catherine Woolley" would be merely emphasizing the fact previously stated in regard to the defendant having had carnal knowledge of Catherine Woolley. The words, "the body of the said Catherine Woolley" may be treated as surplusage.

An indictment need not necessarily be construed according to the rules of grammar, if in doing so a grammatical construction will lead to an absurd result. An indictment must be read in its entirety, and if the plain sense of the language informs the accused, fully, of the nature of the crime charged against him, it is sufficient, even though there has been a failure by the draftsman of the indictment to observe the ordinary rules of syntax.

There can be no question arising from a fair reading of the indictment, under consideration, but that the indictment clearly and unequivocally indicates the defendant as the person who committed the assault upon Catherine Woolley, and who had carnal knowledge of her.

We think it is pertinent to observe in this connection that the record discloses that the crime charged in the indictment was committed on October 3d, 1923, and, therefore, if the indictment is found defective, no new indictment for the crime charged could be lawfully found against the defendant after October 3d, 1925, because prosecution for the crime charged would be barred by operation of the statute of limitation. Although the defendant was indicted during the September term, 1924, and pleaded "not guilty" to the indictment on January 5th, 1925, no *certiorari* appears to have been sued out to remove the indictment to this court, until the month of April, 1926, and the cause was only submitted to this court, for decision, at the May term, 1927.

Furthermore, the motion to quash an indictment is addressed to the discretion of the court, and if the motion should prevail, the state would be left without any remedy. No appeal lies from granting or refusing a motion to quash an indictment, because such motion is of a purely discretionary character. To quash the indictment in the present

case would result in letting the defendant go scot free, because of the bar of the statute of limitation to the finding of a new indictment.

On the other hand, the defendant is fully protected in his legal rights by going to trial, in which all the questions now raised can be raised in the court of first instance, and if the trial results adversely to him, he may appeal from the final judgment to the Supreme Court, and if unsuccessful there, to the Court of Errors and Appeals, but if successful in the Supreme Court, the state would be entitled to appeal to the Court of Errors and Appeals for a review, and thus have its day in the court of last resort on the question of the validity of the indictment.

Lastly, we find the criticisms directed against the validity of the indictment without legal merit, and for this reason the motion to quash is denied and the indictment remitted to the Court of General Quarter Sessions of the Peace of Ocean county, there to be proceeded with according to law.