The petitioner was adjudged by the recorder of the Town of Montclair to be a disorderly person and sentenced to serve one year in the Essex penitentiary. He asks to be discharged from imprisonment on two grounds: First, that the complaint on which he was tried by the recorder sets forth no offense known to our law, and second, that imprisonment for one year exceeds the maximum permitted by the statute.
The complaint alleges that the petitioner "did unlawfully have custody of divers number slips pertaining to the business of a number game, so-called, the said unlawful game being an unlawful betting on numbers, sets and arrangement of numbers," in violation of R.S. 2:202-16.
Section 16 of the statute reads in part: *Page 72 
"Any person who shall have in his possession or custody any lottery slips, books or records pertaining to a lottery, or any person who shall have in his possession or have in an automobile in his custody any ticket or tickets, slip or slips, paper, document or memoranda in any way pertaining to the business of a number game, shall be adjudged to be a disorderly person."
The argument runs that custody and possession are not synonymous; that while the statute denounces a person who has number slips "in an automobile in his custody," or who has number slips in his possession, it does not condemn one who hascustody of number slips as charged in the complaint. The same argument was made before the recorder who ruled against it and upheld the complaint.
The writ of habeas corpus is one of the greatest products of British jurisprudence, a bulwark of freedom. Its office is relief from arbitrary or illegal imprisonment. In one class of cases in which the writ issues, habeas corpus is the only judicial remedy available to the prisoner. For instance, where he is confined on an executive or on a legislative warrant. Clifford
v. Heller, 63 N.J. Law 105; Ex parte Thompson, 85 N.J. Eq. 221;In re Hague, 104 N.J. Eq. 31; Id. 369. In such case, the court will examine and decide the nicest questions of fact and law, for otherwise the petitioner is denied his day in court. In another group, in which the case now before me falls, the petitioner is held under process issued on what seems to be the judgment of one of our courts. Here, the attitude of the judge of the habeascorpus is not as favorable to the prisoner. Let it not be supposed that, in my opinion, the power of the court to discharge from illegal confinement is more limited in one case than in another. But ordinarily this great, extraordinary remedy should be discouraged where the petitioner has had his day in court, even though the complaint or indictment on which he was tried does not charge an offense within the trial court's jurisdiction, or any offense at all, and especially where the petitioner may have a review of the so-called judgment by a higher court in the ordinary course. In re Marlow, 75 N.J. Law 400; In re Davis,107 N.J. Eq. 160. Habeas corpus is not a substitute for a writ of error, or an appeal, or a *Page 73 certiorari. In a case like the present, it is a collateral attack on the judgment of the recorder. Since our statute, R.S.2:82-13b, denies the benefit of the writ to a person imprisoned by virtue of the final judgment of a competent tribunal, the petitioner necessarily takes the position that the sentence of the recorder is, indeed, no judgment.
The boundary line is not distinct between judgments which are void and judgments which are valid although erroneous, for the reason that no cause of action is stated in the complaint. In borderline cases, the judgment is generally upheld against collateral attack. Close questions, on which men learned in the law may differ, ought not be adjudged in a summary way on habeascorpus. Every court, high or low, has, of necessity, a preliminary function to decide whether business brought to it is within its jurisdiction and whether the complaint charges an offense. When it decides in the affirmative and proceeds to trial and judgment, a principle akin to res judicata comes to the support of the jurisdiction. 39 C.J.S. 457; Restatement:Judgments, § 10; People v. Liscomb, 60 N.Y. 559. Even though, on habeas corpus, the prisoner is not concluded by the judgment. In re Tremper, 126 N.J. Eq. 276.
The recorder had jurisdiction of the complaint against Friedlander. The statute gives the recorder general jurisdiction of disorderly person cases. R.S. 2:206-1-4. The complaint clearly attempts to charge petitioner with being a disorderly person and is, I believe, sufficient to give jurisdiction; even though the complaint technically fails to state facts which constitute the offense. If the recorder erred in sustaining the complaint, the petitioner had as remedies a certiorari out of the Supreme Court, or a trial de novo in the Special Sessions.R.S. 2:206-11, as amended P.L. 1942 p. 240.
The petitioner also argues that the sentence imposed, imprisonment for one year, was beyond the jurisdiction of the recorder. R.S. 2:205-1, in general terms, authorizes the sentence. But petitioner points to R.S. 2:219-24 which provides imprisonment for a shorter term. However, the group of sections,2:219-12 to 29, including section 24, is *Page 74 
a re-enactment of P.L. 1895 ch. 98, as amended, which applied only to police courts in cities of the first class. The inclusion of these sections in the Revision of 1937, did not change the effect of the provisions contained therein, so as to limit the jurisdiction of the recorder of Montclair. Crater v. Somerset,123 N.J. Law 407. The re-enactment is a continuation of the old law. R.S. 1:1-4.
Let the prisoner be remanded to the penitentiary. *Page 75