42 N.J. Super. 31 (1956)
125 A.2d 724
IN THE MATTER OF THE APPLICATION FOR THE WRIT OF HABEAS CORPUS OF FREDERICK A. FAAS, PETITIONER-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 27, 1956.
Decided October 9, 1956.
*33 Before Judges CONFORD, DAVIDSON and TOMASULO
Mr. David F. Brandley (assigned counsel) argued the cause for petitioner-appellant (Messrs. Brandley & Brandley, attorneys).
Mr. Myron W. Kronisch argued the cause for plaintiff-respondent (Mr. Charles V. Webb, Jr., County Prosecutor of Essex County, attorney).
The opinion of the court was delivered by CONFORD, S.J.A.D. (temporarily assigned).
This is an appeal from a dismissal by the Essex County Court of *34 a writ of habeas corpus. In November 1948 the defendant filed pleas of non vult to two indictments charging him, respectively, with rape and assault with intent to rape. The sentences imposed were from 10 to 12 years on each indictment, to run consecutively. The intent indictment referred to prosecutrix, D.S., and the rape indictment referred to prosecutrix, H.G. Each indictment included a second count charging assault and battery on the same individual. The defendant had also been indicted at the same time for atrocious assault and battery, and for robbery, in two separate indictments. These were nolle prossed after pleas of non vult were entered on the indictments sub judice.
An opinion was filed by Judge Foley in support of his order dismissing the writ after hearing. The appellant raises two grounds of appeal: (1) the indictment and its underlying statute are invalid in that the defendant was not adequately informed of the "nature and cause of the offense charged," and (2) the manner in which his pleas of non vult were accepted violated his right to due process. We consider the contentions in that order.

I.
The first argument is in two phases. The first is that the rape indictment made no reference to the age of the prosecutrix and that defendant was therefore unable to tell which of the three types of offense penalized by the then effective statute, R.S. 2:163-1 (now N.J.S. 2A:138-1), he was charged with. The statute read as follows:
"Any person who shall have carnal knowledge of a woman forcibly against her will, or shall aid, abet, counsel, hire, cause or procure any person to commit such offense, or who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman-child under the age of twelve years, with or without her consent, shall be guilty of a high misdemeanor * * *; or who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman-child over the age of twelve years and under the age of sixteen years, with or without her consent, shall be guilty of a high misdemeanor * * *."
*35 The indictment in question reads, so far as material, as follows:
"The Grand Jurors of the State of New Jersey, for the County of Essex, upon their oath present that Frederick A. Faas, on the 15th day of June, 1948, at the Township of Caldwell, in the County of Essex aforesaid and within the jurisdiction of this Court, did have carnal knowledge of [H.G.] forcibly against her will, contrary to the provisions of R.S. 2:163-1, against the peace of this State, the government and dignity of the same."
The three offenses encompassed by the statute have been succinctly summarized as follows: "(1) rape, (2) carnal abuse of a woman-child under the age of 12 years, and (3) carnal abuse of a woman-child over the age of 12 years and under the age of 16." State v. Lefante, 12 N.J. 505, 513 (1953). The penalty for (2) is greater than for (3). It will be perceived that the indictment uses, verbatim, the language of that portion of the statute dealing with "rape" and it would seem from that fact and from the absence of any reference to the age of the female that defendant is unmistakably apprised that he is charged with rape and not with carnal abuse of either category specified in the statute.
In normal usage rape, or forcible carnal knowledge, is entirely distinct from carnal abuse, the first involving actual sexual penetration, and the second being, as stated in State v. Huggins, 84 N.J.L. 254, 259 (E. & A. 1913), "an act of debauchery of the female sexual organs by those of the male which does not amount to penetration."
In State v. Tilton, 104 N.J.L. 268, 271 (Sup. Ct. 1928), the court said that "where the indictment charges a statutory crime, the general rule is that the offense may be charged either in the words of the statute or there may be such a particular statement of facts as will bring the accused within its operation." Defendant makes the point that it was stated in the Tilton case, supra, that the words, "carnal knowledge," include within their meaning, "carnally abuse," as applied to a woman-child over the age of 12 years and under the age of 16, and that, therefore, the use of the *36 language, "carnal knowledge," in the subject indictment, of itself does not inform defendant whether it is carnal knowledge or carnal abuse that he is accused of. All that the Tilton case held was that where the defendant was charged with having had carnal knowledge of a prosecutrix described in the indictment as being a woman-child over the age of 12 years and under the age of 16 years, the defendant being described as over the age of 16, the words "carnal knowledge" in the indictment were sufficiently comprehensive of the act which is connoted by the term "carnal abuse" so as adequately to sustain a conviction of the latter offense. The case is clearly not applicable in the present connection. Indeed it helps the State, since the present indictment was framed in the language of the statute, as the court there indicated was appropriate.
The defendant also cites State v. Lefante, supra. In that case the court sustained an indictment for carnal abuse notwithstanding that it did not recite the age of the defendant, whereas the statute requires that the defendant shall be over the age of 16. The court rejected the objection, holding that this was a matter of defense. The opinion went on by way of dictum to state that it was the duty of the State to allege the age of the girl "so that the defendant will know what crime he is charged with," but it is obvious that the court was speaking in terms of a situation where carnal abuse, not rape, was being charged in the indictment. The excerpt from the opinion which defendant relies upon expressly states, as noted above, that there are three separate crimes specified in the statute, the first of which is rape. Where that is the charge, as here, the age of the female is, of course, entirely immaterial.
The second aspect of defendant's first contention is that since the statute does not use the words, "unlawfully" or "feloniously," and since a husband presumably may have carnal knowledge of a woman (his wife) forcibly and against her will, a situation which defendant says the Legislature "did not intend to proscribe," the statute and the indictment leave a defendant open to prosecution for an unintended *37 offense and thus are lacking in due process. The argument is specious. First, there is no principle requiring a criminal statute to use the term, "unlawfully," or similar language, in defining an offense which the statute declares to be a misdemeanor. That declaration itself is equivalent to a declaration that the act is unlawful. 22 C.J.S., Criminal Law, § 24, p. 74. In State v. Labato, 7 N.J. 137, 149, the court said:
"* * * it is within the competency of the lawgiver, in the common interest, to declare an act criminal irrespective of the knowledge or motive of the doer of the act. The Legislature may make the doing of the prohibited act criminal or penal, regardless of a corrupt or criminal purpose or even knowledge of the illegal character of the act; and in such case only the doing of the proscribed act need be shown. * * *"
When the present statute interdicts the carnal knowledge by a man of a woman "forcibly against her will," the Legislature uses language which cannot possibly be misunderstood, and nothing essential would be added thereto by adding the adverbs "unlawfully" or "feloniously." Although not express, the intention that an act by a husband against his wife is not intended to be included may possibly be derived as a matter of historial construction of the common-law origins of the offense and from the apparently settled principle that a defendant in a marital relationship with a prosecutrix was privileged thereby. 75 C.J.S., Rape, § 6, p. 467. But we have no occasion here to hold that such a privilege exists under our statute. If it does, we point out that defendant was not the husband of the prosecutrix. If he were, his remedy, if any, would be by defense, proving the fact. In his opinion Judge Foley said, and we agree:
"Except where allegation and proof of a state of non-marriage are made necessary by statute, proof of the existence of marital relationship is generally held to be a matter of defense. State v. Williamson, supra [22 Utah 248, 62 P. 1022 (Sup. Ct. 1900)]; Commonwealth v. Landis, 129 Ky. 445, 112 S.W. 581 (Ct. App. 1908); State v. Fudge, 96 W. Va. 109, 122 S.E. 519 (Sup. Ct. 1924); Commonwealth v. Fogerty, 8 Gray (Mass.) 489 (Sup. Ct. 1857); 48 Am. Jur., `Rape,' secs. 44, 59, supra."
*38 It may be observed that to the extent that the foregoing arguments of the defendant are based upon alleged invalidity of an indictment, they were appropriately to be raised by appeal rather than habeas corpus. State v. Mastic, 20 N.J. 428, 431 (1956).

II.
Defendant complains that when he retracted his not guilty pleas and entered pleas of non vult, the prosecutor's representative stated: "You understand that the plea of non vult is practically the same as pleading guilty to the indictment?" The argument is that the statement was inaccurate, the plea being the equivalent of a plea of guilty, and that defendant was misled by the statement into believing the plea "would entail less serious consequences." When this kind of question is raised, the fundamental issue is whether the plea "was entered under circumstances which rendered its acceptance fundamentally unfair or shocking to a sense of justice." If so, the resulting conviction violates the due process clause and may be relieved by writ of habeas corpus. State v. Cynkowski, 10 N.J. 571, 576 (1952).
We do not believe defendant's position has merit. When the prosecutor stated that the plea of non vult was practically the same as a plea of guilty, his statement was calculated, in our opinion, to convey to the defendant that he might expect practically or substantially the same sentence on a plea of non vult as he might expect on a plea of guilty, not a lesser sentence. Indeed prosecutor's representative's statement was a benefit to the defendant rather than a disservice to him. Moreover, it was substantially correct as a matter of law. See Johnson v. State, 18 N.J. 422, 429 (1955); State v. Pometti, 12 N.J. 446, 452 (1953).
Defendant also argues that since he had been charged on four indictments, the reading by the prosecutor at the arraignment for the change of plea of only the numbers rather than the language of the two indictments on which he was changing his plea was unfair, as he was not thereby *39 apprised as to which of the indictments he was pleading to, nor, consequently, as to the seriousness of the offenses involved. This contention is frivolous. Defendant was represented by counsel on the occasion of the entry of these pleas. The very purpose of the arraignment was to enter changes of plea on the indictments for rape and assault with intent to rape. It is to be presumed that both defendant and his counsel knew that the indictment numbers read on the call were for those indictments and not for the other indictments (for robbery and atrocious assault and battery). No question was raised at the time as to the identity of the indictments, and defendant does not now contend that he was actually under a misapprehension at that time as to which of the four separate and distinct crimes charged in the four indictments were involved in indictments numbered 603 and 604, to which he pleaded.
Affirmed.