Application of Frederick W. BOYER for Issuance of a writ of habeas corpus.

Civ. No. 714-63.

United States District Court
D. New Jersey.

Aug. 29, 1963.

MADDEN, Chief Judge.

Petitioner, Frederick W. Boyer files application for the issuance of a writ of habeas corpus under 28 U.S.C.A. §§ 2241 and 2243, and in conjunction therewith, an application for the appointment of counsel and leave of court to proceed in forma pauperis under 28 U.S.C.A. § 1915.

The applications are unusually complete and explicit and this Court feels the allegations and averments contained therein set forth accurately and in pertinent detail the substantial facts upon which the petitioner relies. It appears from the allegations of the petition that petitioner has fully exhausted his state remedies and is appropriately before this Court. Further, a careful examination leads the Court to conclude that the issues presented are solely issues of law which the Court is able to determine in the first instance upon a consideration of the merits and that a hearing would not develop additional material facts helpful to the petitioner.

The petitioner is an inmate of the New Jersey State Prison at Trenton, New Jersey, presently serving a term sentence of imprisonment of seven to ten years. The sentence was imposed by the Camden County Court upon his conviction by a jury on April 8, 1959, under Indictment 183-58 wherein he was charged with the crime of robbery.[1] It is solely with respect to his conviction under Indictment 183-58 that the petitioner alleges he was denied due process and equal protection of law under the Fourteenth Amendment of the Constitution of the United States and seeks the issuance of the "Great Writ".

Specifically, the petitioner urges that Indictment 183-58 charging him with robbery was fatally defective in substance and that when the trial court permitted the indictment to be amended during the trial he was deprived of his constitutional right to indictment by a grand jury. The petitioner also alleges he was denied the right to a full appellate review of his conviction on this issue on direct appeal and that he was denied the issuance of a writ of habeas corpus by the State Courts without the benefit of a hearing on his application therefor.

Indictment 183-58 contained two counts. The first count which the petitioner alleges was fatally defective was returned by the Camden County Grand Jury in the following form:

"The Grand Jury of the State of New Jersey for the County of Camden upon their oaths, present that Fred Boyer on the 8th day of September, 1958 in the City of Camden in the County of Camden aforesaid, and within the Jurisdiction of this Court, did forcibly take from the person of Edward Schrot, a clerk of the New Jersey Water Company, 27th & Westfield Ave., City of Camden, New Jersey, by violence and putting the said Edward Schrot in fear, contrary to the provisions of N.J.S. 2A:141-1, and against the peace of this State, the government and dignity of the same."

The second count charged the petitioner with committing the robbery while armed, in violation of N.J.S.A. 2A:151-5.

The petitioner, represented by privately engaged counsel, pleaded not guilty to both counts and proceeded to trial on

---

[1] On May 4, 1959 and August 20, 1959, respectively, the petitioner was also convicted by jury in the Camden County Court upon two other separate indictments (Indictments 184-58 and 519-58) which charged him with attempted robbery. On each of these convictions he he was sentenced to a term imprisonment of two to three years, to run concurrently to the sentence of seven to ten years imposed upon the conviction under Indictment 183-58.

the indictment on April 8, 1959. During the trial, and out of the presence of the jury, the assistant prosecutor moved to amend the indictment in the first count by inserting the words, "the sum of $443." before the words, "by violence and putting the said Edward Schrot in fear, etc. * * *." Defense counsel neither objected nor pleaded surprise to the proposed amendment, and the record reveals the entry of a formal order so amending the indictment on the day of trial. The record also discloses that the trial judge proceeded to charge the jury by reading the indictment as amended; that at the conclusion of the charge no objection or exception was taken by defense counsel; that after deliberating the jury returned a verdict of guilty to the first count of the amended indictment; and that the trial judge entered a directed verdict of not guilty to the second count of the indictment.

■ There is convincing authority to warrant the denial of the petitioner's applications, for, unquestionably, said applications constitute a collateral attack upon the indictment on which he was tried, convicted, and sentenced.[2] Nevertheless, this Court will consider the merit of the petitioner's applications since the petitioner has placed in issue the trial court's jurisdiction. However, the burden is on the petitioner, and in order to sustain his applications it must clearly appear that the trial and sentencing court lacked jurisdiction.[3] The sole question to be determined herein is not whether the trial and sentencing court committed an error of law while acting within its jurisdiction or whether the indictment would have been vulnerable to direct attack, but rather, whether the indictment was fatally defective so that it could not be amended and consequently deprived the trial and sentencing court of jurisdiction.[4]

■ The indictment under consideration charged or attempted to charge the offense of robbery defined in N.J.S.A. 2A:141-1. The offense is a crime within the general criminal jurisdiction of the trial and sentencing court. The offense is neither colorless nor an impossible one under the law. It was sufficient to give the trial and sentencing court jurisdiction of the subject matter and of the person of the petitioner. If the petitioner or his counsel had raised the question of the alleged defect before or during the trial, certainly the trial court would have had the power to pass upon such a question, for the trial court has jurisdiction to determine the sufficiency

2. Ex parte Parks, 93 U.S. 18, 23 L.Ed. 787 (1876); Ex parte Yarbrough, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274 (1883); In re Coy, 127 U.S. 731, 8 S.Ct. 1263, 32 L.Ed. 274 (1887); Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L. Ed. 1036 (1925); State v. Mastic, 20 N.J. 428, 120 A.2d 92 (1956); Application of Faas, 42 N.J.Super. 31, 125 A.2d 724 (A.D., 1956), cert. den. 353 U.S. 940, 77 S.Ct. 820, 1 L.Ed.2d 762.

3. Ex parte Siebold, 100 U.S. 371, 25 L. Ed. 717 (1880); Goto v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070 (1924); Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887); Andrews v. Swartz, 156 U.S. 272, 15 S.Ct. 389, 39 L.Ed. 422 (1895).

4. This, at times, becomes a difficult question to determine; see In re Friedlander, 135 N.J.Eq. 71 at page 73, 37 A.2d 83 at page 84, wherein it was stated:
"The boundary line is not distinct between judgments which are void and judgments which are valid although erroneous, for the reason that no cause of action is stated in the complaint. In borderline cases, the judgment is generally upheld against collateral attack. Close questions, on which men learned in the law may differ, ought not be adjudged in a summary way on habeas corpus. Every court, high or low, has, of necessity, a preliminary function to decide whether business brought to it is within its jurisdiction and whether the complaint charges an offense. When it decides in the affirmative and proceeds to trial and judgment, a principle akin to res judicata comes to the support of the jurisdiction. 39 C.J.S., Habeas Corpus § 16, p. 457. Restatement: Judgments, sec. 10; People [ex rel. Tweed] v. Liscomb, 60 N.Y. 559. Even though, on habeas corpus, the prisoner is not concluded by the judgment. In re Tremper, 126 N.J.Eq. 276, 8 A.2d 279."

of an indictment. It appears that the indictment was merely defective by omission in the statement of the offense, accordingly, the construction to be placed on it and its sufficiency rests primarily in the trial court. The omission in the indictment of which the petitioner complains did not, in the opinion of this Court, deprive the trial court of jurisdiction.

■ The amendment permitted by the trial court in this instance did not charge another or different offense; it did not change the nature or degree of the offense; and the amendment did not prejudice the petitioner in his defense on the merits. The defense under the original indictment was equally available to the petitioner under the amended indictment, as was the evidence in support of such defense. Had a judgment been rendered on the original indictment, the judgment would have been a bar to a new indictment drawn in the form to which the original indictment was changed by the amendment. The omission or alleged defect therefore appears to be one of form and not of substance. Under such circumstances, it is entirely within the power and discretion of the trial court to permit an amendment to an indictment for an error of form in the manner of describing the offense intended to be charged. R.R. 3:4–5 of the New Jersey Rules of Criminal Practice.

Furthermore, the petitioner had privately engaged defense counsel to represent him. Defense counsel possessed considerable experience in the trial of criminal cases and was of exceptional ability. The Court is personally aware of counsel's competency and outstanding qualifications in the representation of criminal defendants, and feels certain that if the petitioner was in any manner prejudiced by the alleged defect in the indictment or the amendment, counsel would have made this fact known to the trial court.

Certainly, the petitioner and defense counsel were aware of the charge they had to meet, for the offense was set forth in the pleaded statute, N.J.S.A. 2A:141–1, and it was referred to not only in the opening of the State's case but also in the preliminary proceedings. At no time, either before or during trial was any attempt made to question the alleged defect by the acceptable procedures available for such purpose.

Inasmuch as the defense relied upon by the petitioner was that of alibi, as indicated by defense counsel in his opening to the jury, the petitioner can hardly urge he was misled, charged with an offense for which he was not prepared to meet, or prejudiced in his defense upon the merits. The amendment had no pertinency to the defense of the petitioner.

■■ As to the petitioner's alleged denial of his right to a full appellate review on this issue on direct appeal and the denial of his application for habeas corpus without the granting of a hearing, such contentions are without merit or cause for consideration. First, appellate review of a final judgment by a state court, in a criminal matter, is not a necessary element of due process of law and may be granted upon such terms as the State deems proper. Moreover, the issue raised here was considered by the State Appellate Court and denied for lack of merit. Secondly, it is also proper for the state court to deny an application for a writ of habeas corpus without a hearing where it appears that the applicant is not entitled to the same.

The Court is of the opinion that the petitioner herein has not been denied any of his constitutional rights as alleged and that he has had his day in court, in both the trial and appellate courts.

In light of the foregoing, the petitioner's applications are denied.

It is on this 29th day of August, 1963, ordered that the within applications be and are hereby denied.